# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br><br> OBTEEN N. NASSIRI, D.C., *et al.*, <br><br> Defendants. | 2:15-cv-01434-GMN-VCF <br> **ORDER** |

This matter involves Allstate Insurance Company, Allstate Property & Casualty Insurance Company, and Allstate Indemnity Company against Defendants Obteen N. Nassiri, D.C., Jennifer Nassiri, Jim Anderson, Christyn Anderson, DAA Trust, Harley Truck, LLC, 181 Rusty Plank, LLC, Anderson Family Trust, Adroon, LLC, and 2111 S. Maryland, LLC, FAA FOI Tuitama, Advanced Med LLC, MTC West Coast Medical Training Centers, Valley Wellness and Recovery, and Good Hands Chiropractic, Inc. dba Good Hands Chiropractic, for alleged violations of the Racketeering Influenced and Corrupt Organizations Act (18 USC § 1962), Nevada State RICO violations (NRS 207.400), fraud, conspiracy to defraud, unjust enrichment/constructive trust, and declaratory relief. (*See* Amend Compl. (#40 at 4[1]). Before the court is Plaintiffs' Ex Parte Application to Serve Defendants Obteen Nassiri, Jennifer Nassiri, DAA Trust, and Good Hands Chiropractic by Publication (#48). The period in which to serve Defendants Obteen Nassiri, Jennifer Nassiri, DAA Trust, and Good Hands Chiropractic by Publication expires on November 25, 2015. (#1). Plaintiffs' motion was filed prior to the expiration.

---

[1] Parenthetical citations refer to the court's docket.

To date, no opposition has been filed by Defendants Jim Anderson, Christyn Anderson, Anderson Family Trust, 181 Rusty Plank, LLC and Adroon, LLC, whom have already appeared in this matter. Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.  Here, it would seem that Defendants Jim Anderson, Christyn Anderson, Anderson Family Trust, 181 Rusty Plank, LLC and Adroon, LLC have consented to the granting of this motion.

## DISCUSSION

Plaintiffs' motion seeks to serve Defendants Obteen Nassiri, Jennifer Nassiri, DAA Trust, and Good Hands Chiropractic by publication. (#48).  The instant motion to serve by publication is granted for the following reasons.

Federal Rules of Civil Procedure do not expressly permit service by publication. Rule 4(e)(1), however, permits a plaintiff to serve a defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, Rule 4(e)(1)(i) provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." *Id*.

"A party seeking service by publication must seek leave of court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant. There are several key factors Nevada courts look to in evaluating a party's due diligence in effecting service." *Id.* Nevada courts

1 principally consider the number of attempts made by a plaintiff to serve a defendant at his or her residence
2 and other methods of locating defendants, such as consulting public directories and family members. *Id.*;
3 citing *Price v. Dunn*, 106 Nev. 100, 787 P.2d 785, 786–7 (Nev. 1990), *rev'd on other grounds*, *NC–DSH,*
4 *Inc. v. Garner*, 125 Nev. 647, 651 n. 3, 218 P.3d 853 (2009); *Abreu v. Gilmer*, 115 Nev. 308, 985 P.2d
5 746, 747 (Nev. 1999); *McNair v. Rivera*, 110 Nev. 463, 874 P.2d 1240, 1241 (Nev. 1994).

6 In *Price*, the Nevada Supreme Court found service by publication was not warranted, stating
7 "where other reasonable methods exist for locating the whereabouts of a defendant, plaintiff should
8 exercise those methods." 787 P.2d at 786–7. There, the plaintiff contacted the defendant's stepmother,
9 and upon hearing that the defendant lived out of state, moved for service by publication. *Id.* at 105, 787
10 P.2d 785. The Price court held that, "although [plaintiff's] affidavit technically complies with NRCP
11 4(e)(1)(i), her actual efforts, as a matter of law, fall short of the due diligence requirement to the extent of
12 depriving [defendant] of his fundamental right to due process." *Id*.

13 In contrast, in *Abreu*, the Nevada Supreme Court determined that the plaintiff exercised due
14 diligence in attempting service because it made three attempts at the defendant's possible address and also
15 consulted telephone company directories. *See* 115 Nev. at 311.

16 NRCP 4(e)(1)(iii) also requires that in addition to in-state publication, "where the present
17 residence of the defendant is unknown the order may also direct that publication be made in a newspaper
18 published outside the State of Nevada." *Id*. In cases "where the residence of a nonresident or absent
19 defendant is known, the court or judge shall also direct a copy of the summons and complaint to be
20 deposited in the post office." *Id*.

21 Plaintiff has at least met, if not exceeded the efforts displayed by the plaintiffs in *Abrreu*. Here,
22 the process server has diligently attempted to serve Defendants Obteen Nassiri, Jennifer Nassiri, DAA
23 Trust, and Good Hands Chiropractic, four times on different occasions at the address that Plaintiffs believe
24 is current and accurate for these four defendants. (#48). Plaintiffs believe that these four Defendants are
25 evading service.

The court finds that this is sufficient to permit service of process by publication under Nevada law. Accordingly, the court grants the Plaintiffs' request to serve Defendants Obteen Nassiri, Jennifer Nassiri, DAA Trust, and Good Hands Chiropractic by publication.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiffs' Application to Serve Defendants Obteen Nassiri, Jennifer Nassiri, DAA Trust, and Good Hands Chiropractic by Publication is GRANTED.

IT IS FURTHER ORDERED that service of the Summons and Amended Complaint in this action be made upon Defendants Obteen Nassiri, Jennifer Nassiri, DAA Trust, and Good Hands Chiropractic, by publication in a newspaper of general circulation in the area of these Defendants' last known address(es) and in a newspaper of general circulation in Las Vegas, Nevada, where this matter is currently pending. Said publications must run once per week for four consecutive weeks. The service of summons and amended complaint will be deemed complete upon the expiration of four weeks from the date of the first publication. Plaintiffs have an additional week after November 25, 2015, up to and including December 2, 2015, to perfect service on Defendants Obteen Nassiri, Jennifer Nassiri, DAA Trust, and Good Hands Chiropractic.

IT IS FURTHER ORDERED that Plaintiff must serve a copy of the Amended Complaint and Summons to Defendants Obteen Nassiri, Jennifer Nassiri, DAA Trust, and Good Hands Chiropractic *via* U.S. Mail at their last known address(es).

IT IS SO ORDERED.

DATED this 23rd day of October, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE