**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al.,      ) ) ) | |
|             Plaintiffs,     ) | Case No.: 2:15-cv-01434-GMN-VCF |
|    vs.           ) ) | **ORDER** |
| OBTEEN N. NASSIRI, D.C., et al.,    ) ) | |
|             Defendants.    ) ) | |

Pending before the Court is a Demand for Security of Costs (ECF No. 54) pursuant to Nevada Revised Statutes § 18.130 filed by Defendants Faa Foi Tuitama, Advanced Med LLC, and Green Tree Services, LLC (collectively "Defendants"). Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, and Allstate Indemnity Company (collectively "Plaintiffs") filed a Response (ECF No. 57), and Defendants filed a Reply (ECF No. 58). For the reasons set forth below, the Motion is granted.

## I.    BACKGROUND

Plaintiffs' Complaint alleges that Defendants engaged in a series of fraudulent transfers in violation of Nevada Uniform Fraudulent Transfer Act, Nev. Rev. Stat. §§ 112.140, *et seq.*, and invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Compl. ¶¶ 2, 24, ECF No. 1). Defendants subsequently filed the instant Demand for Security of Costs (ECF No. 54).

## II.    LEGAL STANDARD

The Ninth Circuit recognizes that "federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel*

*Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).  Under Nevada law, "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant." NRS § 18.130(1).  "After the lapse of 30 days from the service of notice that security is required . . . upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action to be dismissed." NRS § 18.130(4).  It is the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS § 18.130 in diversity actions. *See, e.g.*, *Feagins v. Trump Org.*, No. 2:11-cv-01121-GMN, 2012 WL 925027, at *1 (D. Nev. Mar. 19, 2012).

## III.   DISCUSSION

Plaintiffs argue that requiring a security for costs would be inappropriate as "their presence in Nevada is so strong that there is no danger of Plaintiffs being unavailable to pay any costs they may be ultimately responsible for." (Resp. 2:21–22).  Plaintiffs admit, however, that they are "citizens and residents of the State of Illinois." (Compl. ¶ 2). Accordingly, because Plaintiffs reside outside of Nevada, each Plaintiff is required to provide security in the amount of $500.00 per Defendant pursuant to NRS § 18.130.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion Demanding Security of Costs (ECF No. 54) is **GRANTED**.

**IT IS FURTHER ORDERED** that each Plaintiff must submit a bond pursuant to this Order in the amount of $500.00 per Defendant.  Failure to do so within fourteen days of the filing date of this Order shall constitute grounds for dismissal.

**DATED** this __22__ day of April 2016.

_____

Gloria M. Navarro, Chief Judge
United States District Judge