# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, *et al.*,

               Plaintiffs,

     vs.

OBTEEN N. NASSIRI, D.C., *et al.*,

               Defendants.

Case No.: 2:15-cv-01434-GMN-VCF

**ORDER**

      Pending before the Court is the Motion to Dismiss, (ECF No. 95), filed by Defendant Faa Foi Tuitama ("Tuitama"), Advanced Med, LLC ("Advanced Med"), and Green Tree Services, LLC ("Green Tree") (collectively "Moving Defendants"). Plaintiffs Allstate Insurance Company, Allstate Property & Casualty Insurance Company, and Allstate Indemnity Company (collectively "Plaintiffs") filed a Response, (ECF No. 96), and Defendants filed a Reply, (ECF No. 99). For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss.

## I.    <u>BACKGROUND</u>

      This dispute centers on Plaintiffs' attempts to collect on an unpaid judgment awarded in their favor. On March 20, 2008, Plaintiff filed a separate lawsuit against Obteen Nassiri, Jennifer Nassiri, Albert Noorda, Advanced Accident Chiropractic Care, Digital Imaging Services aka Digital Imaging Services, LLC, J&O Holdings, LLC, and Maryland Medical Center, LLC (collectively "Judgment Defendants"). (Am. Compl. ¶ 22, ECF No. 40); *see Allstate Insurance Company v. Nassiri*, No. 2:08-cv-00369-JCM-GWF (D. Nev. Sept. 10, 2013). Following a jury verdict in Plaintiffs' favor, judgment was entered against the Judgment Defendants in the amount of $8,699,298.78. (Am. Compl. ¶ 23).

In the instant case, Plaintiffs allege that certain Judgment Defendants have acted in concert with the named Defendants[1] here to transfer assets to avoid execution of Plaintiffs' judgment. (*See id.* ¶¶ 24–31).  Based on this allegation, Plaintiffs assert that Defendants have violated the Nevada Uniform Fraudulent Transfer Act, NRS § 112.140 *et seq.* (*Id.*).  Moving Defendants' Motion asks the Court to dismiss the Amended Complaint as asserted against them.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).  In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that

---

[1] "Defendants" here are Jennifer Nassiri, Jim Anderson, DAA Trust, Harley Truck, LLC, Adroon, LLC, 2111 S. Maryland, LLC, Faa Foi Tuitama, Advanced Med LLC, Valley Wellness and Recovery, Good Hands Chiropractic, Inc., Obteen N. Nassiri, Christyn Andersen, 181 Rusty Plank, LLC, Anderson Family Trust, and Green Tree Services, LLC.

is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. <u>DISCUSSION</u>

Nevada law provides for a claim of actual fraudulent transfer, *see* NRS § 112.180(1)(a), as well as a claim of constructive fraudulent transfer, *see* NRS § 112.180(1)(b). *See Herup v. First Boston Fin., LLC*, 162 P.3d 870, 873 (Nev. 2007). A transfer is actually fraudulent "if the debtor made the transfer or incurred the obligation [w]ith actual intent to hinder, delay or defraud any creditor of the debtor." *See* NRS § 112.180(1)(a). A transfer is constructively fraudulent if: (1) the debtor did not receive reasonably equivalent value in exchange for the transfer; and (2) the debtor "[i]ntended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond his or her ability to pay as they became due." NRS § 112.180(1)(b); *see also Herup*, 162 P.3d 873 n.12. Defendants argue that under either the actual or constructive standard, Plaintiffs' claim fails under Rule 9(b)'s heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

The Court agrees with Plaintiffs that, unlike actual fraud under NRS § 112.180(a), constructive fraud under NRS § 112.180(b) need not be pled with particularity. *See, e.g.*, *Lachapelle v. Kim*, No. 15-CV-02195-JSC, 2015 WL 7753235, at *7 (N.D. Cal. Dec. 2, 2015) ("Unlike actual fraudulent transfer, Rule 9(b)'s particularity requirement does not apply to constructive fraudulent transfer claims."). However, Plaintiffs' Amended Complaint fails to identify which Defendants participated in actual fraud and which Defendants participated in constructive fraud. Instead, Plaintiffs' Amended Complaint eludes the heightened pleading standard of Rule 9(b) with respect to some Defendants by alleging a single claim against all Defendants, pleading against some Defendants with particularity, and leaving the remaining Defendants guessing whether or not the claims against them are adequately pled. Likewise, the Court is unable to determine what pleading standard to apply to Plaintiffs' claims against Defendants.

To the extent Plaintiffs allege actual fraud against Defendants, the Amended Complaint fails to satisfy Rule 9(b)'s heightened pleading standard.  Indeed, Plaintiffs fail to allege Defendants' role in the alleged wrongdoing and instead vaguely allege that:

> [I]ndividuals and company Defendants named in this case have worked in concert with Obteen Nassiri to conceal income and assets owned by Mr. Nassiri, thereby, assisting in transfers of assets to assist Mr. Nassiri in his course of conduct with the intent to hinder, delay and defraud Plaintiffs and otherwise prohibit Plaintiffs from their collections efforts in satisfying their judgement in the above referenced litigation.

(Am. Compl. ¶ 30, ECF No. 40).  These assertions fall short of describing "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Further, even assuming Rule 8(a)'s simplified pleading standard applies, Plaintiffs have failed to successfully allege a violation of Nevada's Uniform Fraudulent Transfer Act against Moving Defendants.  Liability under NRS § 112.180 does not extend beyond the debtor or subsequent transferees. *See Cadle Co. v. Woods & Erickson, LLP*, 345 P.3d 1049, 1052–54 (2015).  Indeed, the Nevada Supreme Court unequivocally held in *Cadle Co.*:

> [T]hose who have not received or benefited from the fraudulently transferred property, are not subject to accessory liability for fraudulent transfer claims . . . The statutory scheme does not allow a creditor to recover an amount in excess of the transferred property's value, or to recover against a nontransferee. And no . . . exceptional authorization creates claims against nontransferees . . . Nevada law does not recognize claims against nontransferees under theories of accessory liability.

*Id.*  Plaintiffs do not allege that that Moving Defendants are debtors or transferees but rather contend that Moving Defendants "worked in concert with Obteen Nassiri" to "assist[] in

transfers of assets." (Am. Compl. ¶ 30).  These allegations amount to no more than accessory liability against Defendants, a theory foreclosed by *Cadle Co.*

The Court therefore dismisses Plaintiffs' Amended Complaint with respect to Moving Defendants.  However, because amendment could cure the defects noted herein, the Court grants Plaintiffs leave to file a second amended complaint to clarify the allegations against Moving Defendants.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Moving Defendants' Motion to Dismiss, (ECF No. 95), is **GRANTED**.  Plaintiff's Amended Complaint, (ECF No. 40), is **DISMISSED without prejudice** with respect to Defendants Faa Foi Tuitama, Advanced Med, LLC, and Green Tree Services, LLC.  Plaintiff shall have twenty-one days from the date of this Order to file a second amended complaint.  Failure to file a second amended complaint by this date shall result in the dismissal of Plaintiff's claim with prejudice against the Moving Defendants.

**DATED** this __15__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge