**R. DUANE FRIZELL, ESQ.**
Nevada Bar No. 9807
**FRIZELL LAW FIRM, PLLC**
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
Office (702) 657-6000
Fax (702) 657-0065
DFrizell@FrizellLaw.com
*Attorneys for Defendants Faa Foi Tuitama,*
*Advanced Med LLC, and Green Tree Services LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | CASE NO: 2:15-cv-01434-GMN-VCF |
| Plaintiffs, | |
| vs. | |
| OBTEEN N. NASSIRI, D.C., et al., | |
| Defendants. | |

## STIPULATION AND PROTECTIVE ORDER

Plaintiffs ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and ALLSTATE INDEMNITY COMPANY (collectively, "Plaintiffs"); Defendants OBTEEN NASSIRI, JENNIFER NASSIRI, HARLEY TRUCK, LLC, and DAA TRUST (collectively, "Nassiri Defendants"); and Defendants JIM ANDERSEN, CHRISTYN ANDERSEN, ANDERSON FAMILY TRUST, 181 RUSTY PLANK, LLC, and ADROON, LLC (collectively, "Andersen Defendants"); and Defendants FAA FOI TUITAMA, ADVANCED MED LLC, and GREEN TREE SERVICES LLC (collectively, "Medical-Training Defendants") hereby tender to the Court this Stipulation and Protective Order.

1

In this connection, these Plaintiff and these Defendants (each a "Party" and collectively the "Parties") hereby stipulate and agree as follows:

1. Purpose. The contents of private financial, proprietary, and/or related information pertaining to the parties are deserving of protection under FRCP 26(c). This protective order is intended to govern the use and dissemination of this Covered Information, which may contain or be referenced in all documents and discovery material produced by the parties, whether informally or formally, in response to interrogatories, requests for admissions, or requests for production, or obtained by or submitted to the parties, the Court, or both through affidavit, record or other testimony, deposition, or otherwise.

2. Designation of "Confidential Information". The designation "Confidential Information" shall include any and all information relating to the parties' financial, proprietary, and/or related information. When documents are produced in discovery and/or pursuant to FRCP 26(a), they may be designated as confidential by Bates Number. In addition, all confidential documents shall be marked "CONFIDENTIAL" in a conspicuous place on the face of each page of the document.

3. Designation of "Attorney's Eyes Only". The designation "Attorney's Eyes Only" shall be limited to information that the disclosing party reasonably believes contains a trade secret, is of a highly sensitive commercial nature, or should otherwise be subject to "Attorney's Eyes Only" treatment. Examples of such information include, but are not limited to, documents reflecting, containing, or derived from Confidential Information regarding current pricing, production, cost,

marketing, strategic planning, or customers. Pricing and marketing information concerning past business dealings between the parties, and other information which is known to the parties independent of this litigation shall be subject to the "Confidential Information" designation only; however, such information concerning third parties may be designated "Attorneys' Eyes Only." When documents are produced in discovery and/or pursuant to FRCP 26(a), they may be designated as being for attorney's eyes only by Bates Number. In addition, all such documents shall be marked "ATTORNEY'S EYES ONLY" in a conspicuous place on the face of each page of the document.

4. <u>"Covered Information" Defined</u>. As used herein, the term "Covered Information" refers to and includes information and documents designated as "Confidential Information," "Attorney's Eyes Only," or both.

5. <u>Qualified Persons to Review Confidential Information</u>. Confidential Information produced pursuant to this Order may be disclosed or made available only to the persons set forth below:

(a) The parties (if not natural persons, then the employees, principals or agents of the parties who are actively involved in assisting with the prosecution or defense of this action);

(b) In-house counsel for the parties who are actively involved in the prosecution or defense of this action;

(c) Outside counsel for the parties;

(d) Consulting or testifying experts retained by counsel in this litigation;

(e) The Court;

(f) Court reporters (including audio and video);

(g) Special masters;

(h) Private arbitrators and mediators;

(i) The direct staff of, and any contract support personnel employed or retained by the foregoing persons, provided that they are actively involved in this litigation; and

(j) Others specifically identified and authorized in writing by the disclosing party.

6. <u>Qualified Persons to Review Information Designated "For Attorney's Eyes Only."</u> Information designated "Attorney's Eyes Only" and produced pursuant to this Order may be disclosed or made available only to the persons set forth below:

(a) In-house counsel for the parties who are actively involved in the prosecution or defense of this action;

(b) Outside counsel for the parties;

(c) Consulting or testifying experts retained by counsel in this litigation;

(d) The Court;

(e) Court reporters (including audio and video);

(f) Special masters;

(g) Private arbitrators and mediators;

(h) The direct staff of, and any contract support personnel employed or retained by the foregoing persons, provided that they are actively involved in this litigation; and others specifically identified and authorized in writing by the disclosing party.

7. <u>Dissemination of Covered Information</u>. Prior to delivering any information controlled by this document to persons designated as "Confidential Information" or "Attorney's Eyes Only," the person(s) to be provided the information shall be provided with a copy of this Order and shall execute a Declaration in the form of Exhibit "A" to this Order, wherein they agree to comply with the terms of this Order. Counsel for the parties shall maintain a file of all declarations signed by person(s) to whom Covered Information has been given.

8. <u>Enforcement of Order</u>. Any party attempting to enforce this Order will be entitled to its attorney fees and costs from any party in violation of this Order if the Court finds that the party acted in knowing, willful or intentional violation of the Order. If it is determined that there is no violation of the Order, then the party charged with violating the Order shall recover its attorney's fees and costs, incurred in opposing the motion, from the party seeking to enforce the Order. If it is determined that a party negligently and/or unintentionally or unwillfully violated the Order, that party attempting to enforce this Order shall not be entitled to its attorney fees and costs, provided that the negligent, unintentional, or unwilful party takes reasonable action to correct and cure their violation immediately upon discovering their error. Nevertheless, the provisions of this Paragraph 8 shall not limit the Court in enforcing this Order in any manner that it deems appropriate, under the circumstances.

9. <u>Use of Covered Information in Court</u>. Any party seeking to use Covered Information in Court must seek, in good faith, to file and/or use the information under seal according to the requirements of Local Rule 10-5(b) and the Ninth

Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). In addition, any such party shall comply with the procedures outlined below:

(a) Such party must, in good faith, show compelling reasons sufficient to overcome the presumption of public access. All motions to seal must, in good faith, address the applicable standard and explain why that standard has been met. The fact that a court has entered a blanket stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document.

(b) If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as "Confidential Information" or for "Attorney's Eyes Only," the using or filing party must notify the opposing party (or non-party) at least seven days prior to using or filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be used or filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended use or filing. The using or filing party shall then attach that declaration to its motion to seal the

6

designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the using or filing party shall file a motion to seal so indicating and the Court, if it deems it appropriate, may order the document filed in the public record. The Court may also order the designating party to show cause why the document should not be filed in the public record.

    (c)    To the extent any aspect of this Order may conflict with this Paragraph 9 (or any of its subparts), the provisions of this Paragraph (and its subparts) shall control

10. <u>Future Motions or Applications to Court Not Prohibited</u>. This Order shall not prejudice to the right of the parties (a) to bring before the Court at any time the question whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion for a separate protective order as to any particular documents or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11. <u>Use by the Parties</u>. Nothing in this Order shall prevent or limit the parties from using or disclosing their own Covered Information, and information or documents derived therefrom, for any purpose, and the parties shall take all steps required by this Order to maintain their confidentiality during such use.

12. <u>Inadvertent Production</u>. If a party inadvertently produces or discloses any Covered Information without making it with the appropriate legend, it may give notice to the receiving party that the information should be treated in accordance with the

7

terms of this Order, and shall forward appropriately stamped copies of the items in question. The receipt of such Covered Information by any individual or entity shall not be deemed a waiver of confidentiality, and such designation of confidentiality may be made as soon as possible after the discovery of the inadvertent production or disclosure.

13. <u>Limited Effect of Order</u>. This Order is entered solely for the purpose of facilitating the parties' exchange of documents and information in this action without involving the Court unnecessarily in the process. Nothing in this Order, the production of any information or documents under the terms of this Order, or any proceeding pursuant to this Order shall be deemed to have the effect of an admission or waiver by the parties regarding the confidentiality or non-confidentiality of any such document, thing, or information.

14. <u>Termination of Action</u>. This Order shall survive the final termination of this action, and the parties agree that the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, all documents, materials, and deposition transcripts designated as containing Covered Information and all copies of the same, but not including any derivative materials protected by the attorney-client privilege or work product doctrine, shall be returned to the attorneys of records for the producing party, or at the producing party's option, destroyed by counsel for the receiving party. In the case where the latter option is used, within thirty (30) days of the conclusion of this or any subsequent action or claim arising out of this action, counsel for the receiving party shall notify counsel for the producing party by written declaration signed by

1 | counsel under penalty of perjury that such destruction has taken place. The
2 | provisions of this Order, insofar as they restrict the disclosure, communication of,
3 | and use of, Covered Information, shall continue to be binding after the conclusion
4 | of this action or any potential claim arising out of this action. The failure by any
5 | party or by its counsel to comply with the terms of this Order shall subject such
6 | party or its counsel to sanctions, as well as other disciplinary sanctions as the Court
7 | may order. /

///

/// [THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

15. <u>Entire Agreement and Stipulation</u>. This Order sets forth the entire agreement, stipulation, and understanding between the parties with respect to the use of Covered Information in this action and supersedes any prior contemporaneous agreement between the parties.

IT IS SO STIPULATED.

| | |
|---|---|
| **FRIZELL LAW FIRM, PLLC**<br>8275 S. Eastern Ave., Suite 200<br>Las Vegas, Nevada 89123 | **HUTCHISON & STEFFAN, LLC**<br>10080 W. Alta Dr., Suite 200<br>Las Vegas, Nevada 89145 |
| By: __/s/ R. Duane Frizell_____<br>R. DUANE FRIZELL, ESQ.<br>Nevada Bar No. 9807<br>*Attorney for Medical-Training Defendants* | By: __/s/ Todd L. Moody_____<br>TODD L. MOODY, ESQ.<br>Nevada Bar No. 5430<br>RICHARD L. WADE, ESQ.<br>Nevada Bar No. 11879<br>*Attorneys for Nassiri Defendants* |
| **GERRARD COX LARSEN**<br>2450 St. Rose Parkway, Suite 200<br>Henderson, NV 89074 | **MCCORMICK, BARSTOW, SHEPPPARD, WAYTE & CARRUTH LLP**<br>8337 W. Sunset Rd., Suite 350<br>Las Vegas, Nevada 89113 |
| By: __/s/ John M. Langeveld_____<br>DOUGLAS D. GERRARD, ESQ.<br>Nevada Bar No. 4613<br>JOHN M. LANGEVELD ESQ.<br>Nevada Bar No. 11628<br>*Attorneys for Andersen Defendants* | By: __/s/ Jared P. Green_____<br>JARED P. GREEN, ESQ.<br>Nevada Bar No. 10059<br>DYLAN P. TODD, ESQ.<br>Nevada Bar No. 10456<br>*Attorneys for Plaintiffs* |

**ORDER**

IT IS SO ORDERED.

DATED: 5-3-2017

_____
UNITED STATES MAGISTRATE JUDGE
CASE NO.: 2:15-cv-01434-GMN-VCF

Submitted by:

**FRIZELL LAW FIRM, PLLC**
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123


By:   __/s/ R. Duane Frizell_____
R. DUANE FRIZELL, ESQ.
Nevada Bar No: 9807
*Attorney for Medical-Training Defendants*

11

**EXHIBIT "A"**

**DECLARATION**

STATE OF _____ )
                                               ) ss.
COUNTY OF _____ )

    I, _____ [printed name], hereby declare as follows:

    A.    I understand that the information and/or documents to be provided to me marked as "Confidential," "Attorney's Eyes Only," or both are subject to a protective order in the federal lawsuit styled *ALLSTATE INSURANCE COMPANY, et al.,* v. *OBTEEN N. NASSIRI, D.C., et al.*, Case No. 2:15-cv-01434-GMN-VCF, in the United States District Court for the District of Nevada (the "Lawsuit").

    B.    I understand that such information and/or documents constitute Covered Information that is to be used only for the purposes of this Lawsuit.

    C.    I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than that described above.

    D.    I have read the Stipulation and Protective Order ("Order") entered into in this lawsuit and agree to be bound by its terms.

    E.    I understand that I may not copy or otherwise disseminate any Covered Information received by me in the course of this matter in any way not prescribed by this Order.

    F.    I further understand that I must return all copies of Covered Information upon request at the conclusion of this Lawsuit.

    G.    I hereby agree, stipulate, and subject myself to the jurisdiction of the United States District Court for the District of Nevada with regard to any proceedings to enforce the terms of this Order against me, whether by way of civil action, injunction, monetary damages, or otherwise.

    H.    I declare under penalty of perjury of the laws of the United States and of the State of Nevada that the foregoing is true and correct.

_____
Printed Name

_____
Signature

SUBSCRIBED and SWORN to before me in person this _____ day of _____, 20_____.

_____
A Notary Public in and for
said County and State

_____
My Commission Expires